UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

| | | |
|---|---|---|
| EUGENE SCALIA, <br> Secretary of Labor, <br> United States Department of Labor, <br> <br> Plaintiff, <br> <br> v. <br> <br> DEL-AIR HEATING, AIR CONDITIONING & <br> REFRIGERATION, INC. d/b/a DEL-AIR, <br> HEATING & AIR CONDITIONING <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | FILE NO. <br> <br> _____ <br> <br> <br> <br> <br> <br> <br> **C O M P L A I N T** <br> **(Injunctive Relief Sought)** |

Plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action pursuant to § 17 of the Act, 29 U.S.C. § 217, to have Defendant Del-Air Heating, Air Conditioning & Refrigeration, Inc. dba Del-Air Heating &Air Conditioning (hereinafter referred to "Del-Air" or "Defendant") enjoined from violating the provisions §§ 7 and 11 of the Act; and, pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid overtime compensation, together with an equal amount as liquidated damages.

I

This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

II

Defendant Del-Air at all times hereinafter mentioned, has been a corporation having a place of business and doing business in Kissimmee, Osceola County, Florida.

III

At all times hereinafter mentioned:

A.  Defendant Del-Air is engaged in related activities performed either through unified operation or common control for a common business purpose that constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

B.  Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

IV

Since January 2, 2016, Defendant repeatedly violated the provisions of §7 of the Act, 29 U.S.C. §§ 207 by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.  Defendant failed to include all hours worked when calculating overtime wages.

V

Since January 2, 2016[1], Defendant repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed in the aforesaid Regulations.  Specifically, Defendant failed to accurately record the start and stop times of hourly employees and therefore did not maintain accurate records of all hours worked.

VI

WHEREFORE, cause having been shown, Plaintiff prays for Judgment:

A.  Pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants their agents, servants, employees and all persons in active concert or participation with them from violating the provisions of §§ 7 and 11(c) of the Act;

B.  Pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages for a period of three years prior to the tolling date of June 21, 2018;

C.  And for such other and further relief as may be necessary and appropriate including costs of this action.

Respectfully submitted this 5th day of October, 2020

---

1 Defendant and Plaintiff entered into a tolling agreement whereby the parties agreed that the statute of limitations set forth at § 6 of the Portal-to-Portal Act, 29 U.S.C. § 255, would be tolled in this matter beginning on June 21, 2018.

| | |
|---|---|
| <u>ADDRESS</u>:<br><br>Office of the Solicitor<br>U. S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA  30303<br><br>Telephone:<br>(678) 237-0613<br>(404) 302-5438 (FAX) | KATE S. O'SCANNLAIN<br>Solicitor of Labor<br><br>TREMELLE I. HOWARD<br>Regional Solicitor<br><br>ROBERT L. WALTER<br>Counsel<br><br>By: <u>*/s/Kristin R. Murphy*</u><br>KRISTIN R. MURPHY<br>Attorney<br><br><br>Office of the Solicitor<br>U. S. Department of Labor<br>Attorneys for Plaintiffs |