UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**EUGENE SCALIA,**

        **Plaintiff,**

**v.**                                          **Case No:  6:20-cv-1843-Orl-41LRH**

**DEL-AIR HEATING, AIR
CONDITIONING AND
REFRIGERATION, INC.,**

        **Defendant.**
_____/

## ORDER AND PERMANENT INJUNCTION

THIS CAUSE is before the Court on the Motion to Approve Consent Judgment ("Motion," Doc. 2).

The Motion, which contains no briefing, requests "that the Court enter the [attached] proposed Consent Judgment." (*Id.* at 1; *see* Proposed Consent Judgment, Doc. 2-1). Local Rule 3.01(a) requires that "[i]n a motion or other application for an order, the movant shall include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request." M.D. Fla. R. 3.01(a). Plaintiff has failed to comply with this rule. Nonetheless, to promote judicial efficiency, the Court held a hearing to clarify the basis for the requested relief, (Min. Entry, Doc. 16, at 1), and will consider the Motion. *Sala v. St. Petersburg Kennel Club, Inc.*, No. 8:09-cv-1304-T-17-TBM, 2010 U.S. Dist. LEXIS 24964, at *6 (M.D. Fla. Mar. 2, 2010) (noting that "this Court will overlook [a] Local Rule . . . to promote judicial efficiency and in the interest of justice"); *see* M.D. Fla. R. 1.01(c) ("The Court may suspend application and enforcement of these rules, in whole or in part, in the interests of justice in individual cases by written order.").

The Complaint (Doc. 1) alleges that Defendant violated provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. The FLSA provides that "[t]he district courts . . . shall have jurisdiction, for cause shown, to restrain violations of . . . the restraint of any withholding of payment of minimum wages or overtime compensation found by the court to be due to employees under [the Fair Labor Standards Act]." 29 U.S.C. § 217.

Defendant has agreed to the entry of a Consent Judgment resolving the claims at issue in this case.[1] However, "[i]t is well-established in this circuit that an injunction demanding that a party do nothing more specific than 'obey the law' is impermissible." *Elend v. Basham*, 471 F.3d 1199, 1209 (11th Cir. 2006) (citing *Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999)). And the parties have not provided any argument or authority showing that an exception should be made here. For this reason, paragraphs one and two of the Proposed Consent Judgment are not permissible. (Doc. 2-1 at 2). Therefore, the Motion will be denied in this respect. In all other respects, the Motion will be granted.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Approve Consent Judgment (Doc. 2) is **GRANTED in part** and **DENIED in part**.

2. The following Permanent Injunction is entered:

Defendant is hereby restrained from withholding back wages in the total amount of $334,307.10, which are due employees for the periods of employment and in the amounts indicated with respect to each, as set forth on Schedule A. (*See* Schedule A, Doc. 2-2). The private rights,

---

[1] Defendant's counsel represented on the record at the December 3, 2020 hearing that Defendant agrees to the entry of a Consent Judgment in this case.

under the FLSA, of any employee of Defendant not named or for periods not stated in said Schedule "A" shall not be terminated or otherwise adversely affected by this proceeding.

To comply with this provision of this Order, Defendant shall, on or before February 3, 2021, deliver to the individuals identified in Schedule A the amounts which are set forth in Schedule A. Defendant will distribute such amounts to the named employees or to their personal representatives, less all legally mandated deductions, including income tax and the employee's share of Federal Insurance Contributions Act ("FICA") taxes. Defendant will distribute such amounts to the named employees or to their personal representatives, less all legally mandated deductions, including income tax and the employee's share of FICA taxes. Within thirty days of making such payments, Defendant will provide Plaintiff proof of such payment in the form of Forms WH-58 signed by each individual to whom said amounts have been paid, as well as a copy of the check or money order in which each amount was paid to:

> Kenneth Floyd
> U.S. Department of Labor
> Wage and Hour Division
> 1001 Executive Center Drive
> Suite 103
> Orlando, Florida 32803

For any individuals listed on Schedule A to whom Defendant is unable to deliver the payments set out on Schedule A hereto within the time required herein, Defendant shall, within thirty days of such date, deliver to the United States Department of Labor, Wage and Hour Division, 60 Forsyth Street, S.W., Room 7M40, Atlanta, Georgia 30303, certified or cashier's checks or money orders made payable to such individuals or "Wage and Hour Division—Labor," for the net amount due after appropriate deductions for income tax and the employee's share of FICA taxes. Plaintiff, thereupon, shall distribute said payments to the named employees, or to their personal representatives, and any amounts not so distributed by the Plaintiff within the period of

three (3) years after date of this Judgment, because of inability to locate the proper persons or because of such persons' refusals to accept such sums, shall be deposited into the Treasury of the United States as miscellaneous receipts.

3.   Each party shall otherwise bear its own attorney's fees and expenses, including but not limited to, fees under the Equal Access to Justice Act.

4.   The Motion is **DENIED** in all other respects.

5.   The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on January 4, 2021.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record