UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**EUGENE SCALIA,**

    **Plaintiff,**

v.                                                    **Case No: 6:20-cv-1843-CEM-LRH**

**DEL-AIR HEATING, AIR
CONDITIONING AND
REFRIGERATION, INC.,**

    **Defendant.**

                                  /

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Motion to Reconsider ("Motion," Doc. 18) and Plaintiff's Brief in Support of Motion for Reconsideration ("Brief," Doc. 18-1). The Motion and Brief request reconsideration of the Court's January 4, 2021 Order (Doc. 17) granting in part and denying in part Plaintiff's Motion to Approve Consent Judgment (Doc. 2). (Doc. 17 at 2).

As an initial matter, the Motion is due to be denied for two local rule violations. First, Local Rule 3.01(a) requires that motions be filed "in a single document . . . inclusive of all parts." Here, while Plaintiff expressly references that the Brief is being submitted "[p]ursuant to . . . Local Rule 3.01," (Doc. 18-1 at 1), Plaintiff did not comply with that Rule because it filed a separate Motion and Brief.

Second, Local Rule 3.01(g) requires that "[b]efore filing a motion in a civil action," with exceptions that do not apply here, "the movant must confer with the opposing party in a good faith effort to resolve the motion" and "[a]t the end of the motion and under the heading 'Local Rule 3.01(g) Certification,'" the movant must include the result of the conferral. Here, Plaintiff's conferral is buried within the Motion, so it violates Local Rule 3.01(g).[1]

"Either [local rule] violation, alone, would be sufficient reason to deny the Motion." *Stevenson v. Orlando's Auto Specialists*, No. 6:07-cv-500-Orl-19GJK, 2008 U.S. Dist. LEXIS 142018, at *9 (M.D. Fla. Sep. 14, 2008) (citing *Zocaras v. Castro*, 465 F.3d 479, 490 (11th Cir. 2006); 35 C.J.S. Federal Civil Procedure § 24 (2008) (noting that federal district courts have broad discretion to enforce local rules)). Nonetheless, to promote judicial efficiency, the Court will consider the Motion and Brief. *Sala v. St. Petersburg Kennel Club, Inc.*, No. 8:09-cv-1304-T-17-TBM, 2010 U.S. Dist. LEXIS 24964, at *6 (M.D. Fla. Mar. 2, 2010) (noting that "this Court will overlook [a] Local Rule . . . to promote judicial efficiency and in the interest of justice"); *see* M.D. Fla. R. 1.01(b) (stating that "[i]f reasonably necessary to achieve the purpose of these rules, a judge can modify or suspend for all or part

---

[1] Plaintiff does at least indicate that it "consulted Defendant" and that "Defendant does not take a position on this Motion." (Doc. 18 at 2).

of an action the application of any rule," with a single exception that does not apply here).

Plaintiff's Motion is due to be denied for additional reasons as well. Plaintiff requests reconsideration of the Court's previous Order but fails to cite any Federal Rule of Civil Procedure or other legal standard by which the Court should reconsider its Order. While "District courts are afforded considerable discretion to reconsider prior decisions," *see Harper v. Lawrence Cnty.*, 592 F.3d 1227, 1231–32 (11th Cir. 2010), the Court should not have to guess at which type of reconsideration Plaintiff is requesting here.

If Plaintiff's request for reconsideration is brought pursuant to Federal Rule of Civil Procedure 59(e), that Rule requires that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." And, the Court is not permitted to grant an extension of time for this Rule. Fed. R. Civ. P. 6(b)(2). ("A court must not extend the time to act under Rule . . . 59(b), (d), and (e)."). Plaintiff's Motion and Brief were filed forty-five days after the Court's Order for which Plaintiff requests reconsideration. Under Rule 59(e), the Motion and Brief are untimely, so the Motion is also due to be denied on this basis.

If Plaintiff's request is brought pursuant to another Federal Rule of Civil Procedure and happens to be timely, generally, courts in this District recognize "three grounds justifying reconsideration of an order: (1) an intervening change in

controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d 1356, 1358 (M.D. Fla. 2007) (quotation omitted); *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-cv-1639-Orl-31KRS, 2007 WL 2096975, at *1 (M.D. Fla. July 20, 2007). However, "[r]econsideration of a previous order is an extraordinary measure and should be applied sparingly." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000). "[M]otions for reconsideration should not be used to raise arguments which could, and should, have been previously made." *Id.* (quotation omitted). Stated differently, "[a] party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *McGuire*, 497 F. Supp. 2d at 1358 (quotation omitted). To permit otherwise would "essentially afford[] a litigant two bites at the apple." *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (quotation omitted).

Here, as the Court noted in its previous Order, Plaintiff failed to provide any briefing to support its Motion to Approve Consent Judgment, in violation of Local Rule 3.01(a). (Doc. 17 at 1). Instead, the Court was forced to hold a hearing to clarify the basis for the relief requested. (*Id.* (citing Min. Entry, Doc. 16, at 1)). Then, the Court only considered the Motion to Approve Consent Judgment without briefing for the purpose of judicial efficiency. (*Id.*). Nevertheless, Plaintiff proceeded without

briefing at its own peril. As noted above, "motions for reconsideration should not be used to raise arguments which could, and should, have been previously made." *Scelta*, 89 F. Supp. 2d at 1320. Plaintiff has not raised any arguments in the Motion or Brief that could not have been previously made to the Court.

Accordingly, it is **ORDERED** and **ADJUDGED** that Plaintiff's Motion to Reconsider (Doc. 18) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on April 7, 2021.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record